UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUILLERMO SALCEDO,

        Petitioner,                    Case Number: 2:13-CV-13451
                                                    HON. GEORGE CARAM STEEH

v.

J.A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Guillermo Salcedo is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Salcedo was convicted in the United States District Court for the Southern District of Florida of conspiracy to import cocaine with intent to distribute and using, carrying, and/or possession of a firearm during and in relation to a drug trafficking offense. On June 1, 2005, he was sentenced to 240 months in prison for the cocaine conviction and 60 months in prison for the firearm conviction.

In August 2009, Salcedo filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the trial court. The district court denied the motion. *Salcedo v. United States*, No. 03-20759 (S.D. Fla. Oct. 27, 2010).

Salcedo filed a second motion to vacate sentence in the sentencing court on August 8, 2013. That motion remains pending. On the same date he filed his § 2255 motion, Petitioner filed the pending § 2241 petition, raising the same claims raised in his § 2255 motion.

## II.

### A.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

### B.

A habeas petitioner who seeks to challenge a federal conviction or sentence should file a motion to vacate sentence in the sentencing court under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). A petitioner seeking to challenge the execution or manner in which a sentence is served should file such claims in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Id.* While § 2255 is typically the exclusive avenue for federal prisoners to collaterally attack

their convictions or sentences, the section includes a "savings clause" that permits a prisoner to petition for relief under § 2241 upon a showing that relief under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is not considered inadequate simply because § 2255 relief already has been denied, or because a procedural bar precludes relief under § 2255, or because permission to file a second or successive motion under § 2255 has been denied. *Charles*, 180 F.3d at 756. The petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The Sixth Circuit Court of Appeals has held that § 2255's savings clause "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). To establish actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner maintains that his petition is properly filed under § 2241 on grounds that he is actually innocent of a sentence enhancement and that he is actually innocent because the indictment for the firearm offense failed to sufficiently identify the elements of the offense. "Claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012). *See also Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012), *cert. denied*, __ U.S. __, 133

-3-

S. Ct. 1632 (2013) (holding that claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241). In addition, Salcedo's claim that the indictment was defective does not raise a claim of actual innocence of the offense. Instead, it is a technical or procedural claim, that does not raise the possibility of actual innocence.

Petitioner has filed a § 2255 motion raising essentially the same claims raised in this petition. The motion remains pending in the United States District Court for the Southern District of Florida. Because Petitioner is presently raising the same claims in a pending § 2255 motion and because there has been no intervening change in the law or extraordinary circumstances suggesting that he may be actually innocent of the crimes for which he was sentenced, Salcedo is not entitled to challenge his sentence in a habeas petition under § 2241.

### III.

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the petition is not properly filed under § 2241. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Dated:  August 20, 2013

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 20, 2013, by electronic and/or ordinary mail and also on Guillermo Salcedo #70124-004, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk